UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT DESHON COLEMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   No. 1:23-cv-01093-JPH-CSW |
| JOHN GALIPEAU, | ) ) ) |
| Respondent. | ) ) |

**ORDER GRANTING MOTION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Robert Deshon Coleman was convicted of robbery and unlawful possession of a firearm by a serious violent felon in Clay County, Indiana, in 2017. Mr. Coleman now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent argues that the petition must be denied because it is time-barred. For the reasons explained in this Order, the respondent's motion to dismiss, dkt. [8], is **granted,** and Mr. Coleman's petition for a writ of habeas corpus is **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

**I. Background**

After a jury trial, Mr. Coleman was sentenced to 25 years in the Indiana Department of Correction on April 6, 2017. Dkt. 8-1 at 10-11; dkt. 8-5 at 3-4. His conviction and sentence were upheld on appeal on February 15, 2018, and he did not file a petition to transfer to the Indiana Supreme Court. Dkt. 8-5 at 13; dkt. 8-2 at 8-9.

1

Mr. Coleman filed his state petition for post-conviction relief on October 2, 2018. The petition was denied, and the Indiana Court of Appeals upheld the denial. His petition to transfer to the Indiana Supreme Court was denied on December 29, 2022. Dkt. 8-7 at 8.

Mr. Coleman filed his petition for a writ of habeas corpus in this Court on June 22, 2023. Dkt. 1.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of Antiterrorism and Effective Death Penalty Act ("AEDPA"), revised several statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

## III. Discussion

Mr. Coleman's conviction and sentence became final on March 19, 2018, when the time to petition to transfer to the Indiana Supreme Court expired.

2

*Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes "final" under § 2244(d)(1)(A) when the time for seeking such review expires."). The one-year period of limitation ran from March 19, 2018, until October 2, 2018, when Mr. Coleman filed his first petition for post-conviction review. At that time, 196 days had elapsed.

A limitations period is tolled during the time in which the petitioner has pending a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). Mr. Coleman's limitations period remained tolled until December 29, 2022, when the Indiana Supreme Court denied his petition to transfer his appeal from the denial of post-conviction relief. The one-year period of limitation began running again on this date. *See Lawrence v. Florida*, 549 U.S. 327, 331–32 (2007) (a certiorari petition from post-conviction review does not toll the time limit or otherwise act as a grace period); *Taylor v. Michael*, 724 F.3d 806, 808 (7th Cir. 2013).

Mr. Coleman filed his habeas petition in this Court on June 22, 2023, 175 days after the denial of his petition for post-conviction relief. Combined with the 196 days that had elapsed between his conviction being final and the filing of his petition for post-conviction relief, a total of 371 days had passed before Mr. Coleman filed his habeas petition. The following chart illustrates this:

| **Conviction Final** | March 19, 2018 | 365 days left in limitation period |
| --- | --- | --- |
| **State Post-Conviction Filed** | October 2, 2018 | 169 days left in limitation period |

3

| | | |
|---|---|---|
| **Indiana Supreme Court Denies Petition to Transfer (Clock Resumes)** | December 29, 2022 | 169 days left in limitation period |
| **Federal Habeas Petition Due** | June 16, 2023 | 0 days left in limitation period |
| **Federal Habeas Petition Filed by Counsel** | June 22, 2023 | 6 days beyond limitation period |

Pursuant to AEDPA, Mr. Coleman had until June 16, 2023, to file a petition for writ of habeas corpus. However, he did not file this petition until June 22, 2023, six days after the limitations period expired.

Mr. Coleman argues that his counsel miscalculated the deadline and that he should therefore be granted equitable tolling. But counsel's miscalculation is a "garden variety" attorney mistake that does not warrant application of equitable tolling. *Socha v. Boughton*, 763 F.3d 674, 685 (7th Cir. 2014) (quoting *Holland v. Florida*, 560 U.S. 651-52, 649 (2010). Mr. Coleman also argues that his appellate counsel's failure to petition to transfer to the Indiana Supreme Court, which eliminated the extra 90 days he would have had to file a petitioner for certiorari to the U.S. Supreme Court, should not be held against him. But Mr. Coleman knew that his attorney failed to petition to transfer in 2018 so he had the information necessary to calculate his deadline to file his federal habeas petition in 2023.

Mr. Coleman has not shown that he was entitled to equitable tolling. His petition is time-barred and must be **denied**.

### IV. Conclusion

Mr. Coleman has not shown the existence of circumstances permitting him to overcome the expiration of the one-year time limitation, and hence is not

4

entitled to the relief he seeks. The respondent's motion to dismiss, dkt. [8], is therefore **granted** and the petition for a writ of habeas corpus is **dismissed with prejudice**. *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005) ("[t]he dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice").

Judgment consistent with this Order shall now issue.

### V. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 580 U.S. 100, 115 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 580 U.S. at 115 (citation and quotation marks omitted). Where a claim is resolved on procedural grounds (such as default), a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

5

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Mr. Coleman's petition was filed beyond the expiration of the one-year statutory limitations period, and he has not demonstrated that he is entitled to equitable tolling. Jurists of reason would not disagree with this Court's resolution of this claim and nothing about the claim deserves encouragement to proceed further.

The Court therefore **denies** a certificate of appealability.

**SO ORDERED**.

Date: 2/1/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov

Jonathan Daniel Harwell
Harwell Legal Counsel LLC
jonathan@harwelllegalcounsel.com